ROBERT NAMER                                CIVIL ACTION

VERSUS                                      NO. 12-00014

BROADCASTING BOARD OF GOVERNORS             SECTION: "B"(5)


## ORDER AND REASONS

Before the Court is Plaintiff Robert Namer's Motion for Reconsideration. (Rec. Doc. No. 13). Defendant Broadcasting Board of Governors has opposed the Motion. (Rec. Doc. No. 14). Accordingly, and for the reasons below,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

## PROCEDURAL HISTORY

Robert Namer (Plaintiff) filed this action on January 4, 2012 against Defendant Broadcasting Board of Governors (Defendant), a United States agency. (Rec. Doc. No. 1). The Clerk issued summons on January 5, 2012. (Rec. Doc. No. 3). When no proof of service or responsive pleading was filed into the record within 120 days from the filing of the Complaint,[1] the Court set this matter on the call docket. (Rec. Doc. No. 4).

On June 6, 2012, Defendant filed the subject Motion to Dismiss. (Rec. Doc. No. 5). Plaintiff opposed the Motion on June

---

[1] Plaintiff filed this action on January 4, 2012. (Rec. Doc. No. 1). 120 days from the date of filing is May 3, 2012.

19, 2012 (Rec. Doc. No. 7), and Defendant filed its Reply Memorandum on June 26, 2012. (Rec. Doc. No. 10). On July 12, 2012, the Court granted Defendant's Motion to Dismiss and entered Judgment. (Rec. Doc. Nos. 11-12).

Plaintiff filed the instant Motion for Reconsideration on July 19, 2012. (Rec. Doc. No. 13). Defendant filed its Opposition on July 24. (Rec. Doc. No. 14).

## LAW AND ANALYSIS

### A.  Standard of Review

Although the Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration," the courts have developed an approach to evaluate such a motion. The Court first considers which of two federal rules governs the motion. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990). The Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Id.* at 173. In particular, "if the motion is served within ten (10) days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* Plaintiff's Motion was filed less than ten (10) days after the Court's July 12, 2012 Order for which he seeks reconsideration. (Rec. Doc. No. 13). Accordingly, the Motion is treated as a Rule 59(e) motion to alter or amend.

The Fifth Circuit reviews denials of motions for reconsideration under Rule 59(e) for abuse of discretion. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

**B.  Analysis**

Alteration or amendment of a previous ruling under Rule 59(e) "'calls into question the correctness of the judgment.'" *Tremplet* at 478, quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003), quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Plaintiff's motion neither establishes manifest error of law or fact nor does it present newly discovered evidence. Indeed, the entirety of Plaintiff's motion details facts and arguments which could and should have been made before the judgment was issued.

Furthermore, Plaintiff has not shown that relief from judgment is necessary to prevent manifest injustice. The Court ordered dismissal without prejudice, leaving Plaintiff free to re-file his lawsuit and effect proper and timely service. (Rec. Doc. No. 12). Plaintiff is still free to do so.

We reiterate that this same plaintiff, himself, was a party in at least seven federal court cases involving an agency of the United States. *See* Civil Action Nos. 89-01740, 89-05039, 91-misc-03217, 92-01523, 94-03265, 94-misc-03265, and 95-02453. Given that experience, Plaintiff should have learned by now how and where to perfect proper service upon the United States and its agencies. He certainly knew in at least one additional case against private entities the consequences for failure to perfect service. *See* Civil Action No. 06-10698, Rec. Doc. Nos. 50-51 [dismissal of Plaintiff's complaint for failure to timely comply with service provisions of Fed. R. Civ. P. 4(m)]. While the Court notes that Plaintiff's counsel accepts fault for Plaintiff's failure to effect timely service (Rec. Doc. No. 13-1, p.7), the client is responsible for choosing his lawyer and cannot claim inadequacies as an excuse for failing to meet deadlines and duties imposed by law. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).

Because a motion to alter or amend a judgment under Rule 59(e) "cannot be used to raise arguments which could, and should, have

been made before the judgment issued," *Rosenzweig*, 332 F.3d 854, 863-64 (5th Cir. 2003) (citation omitted), Plaintiff's arguments attempting to show good cause at this late stage are not viable.

New Orleans, Louisiana, this 20th day of August, 2012.

UNITED STATES DISTRICT JUDGE